# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ARELYS PENA,**

        **Plaintiff,**

**v.**                                                             Case No:   6:18-cv-1621-Orl-LRH

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION[1]

Arelys Pena ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability benefits. Doc. No. 1. Claimant raises two arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed and remanded for further administrative proceedings. Doc. No. 18, at 10, 14, 20. The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed. *Id.* at 20. For the reasons stated herein, the Commissioner's final decision is **REVERSED** and **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**I. PROCEDURAL HISTORY.**

On May 15, 2015, Claimant filed an application for disability insurance benefits, alleging a disability onset date of January 1, 2014. R. 148–51. Claimant's application was denied initially and on reconsideration, and she requested a hearing before an ALJ. R. 72–74, 76–80, 81–82. On

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. *See* Doc. Nos. 12, 15–17.

September 25, 2017, a hearing was held before the ALJ, at which Claimant was represented by an attorney. R. 24–43. Claimant and a vocational expert ("VE") testified at the hearing. *Id.*

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled from her alleged onset date through the date of last insured. R. 11–19. Claimant sought review of the ALJ's decision by the Appeals Council. R. 147. On July 30, 2018, the Appeals Council denied the request for review. R. 1–6. Claimant now seeks review of the final decision of the Commissioner by this Court. Doc. No. 1.

## II. THE ALJ'S DECISION.[2]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a). R. 11–19.[3] The ALJ found that Claimant met the insured status requirements of the Social Security Act through September 30, 2015. R. 13. The ALJ concluded that Claimant had not engaged in substantial gainful activity from the alleged disability onset date, January 1, 2014, through the date of last insured. *Id.* The ALJ found that Claimant suffered from the following severe impairments: cervical degenerative disc disease and fibromyalgia. *Id.* The ALJ concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 14–15.

---

[2] Upon a review of the record, I find that counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum. Doc. No. 18. Accordingly, I adopt those facts included in the body of the Joint Memorandum by reference without restating them in entirety herein.

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

Based on a review of the record, the ALJ found, through the date of last insured, that Claimant had the residual functional capacity ("RFC") to perform a full range of light work as defined in the Social Security regulations.[4] R. 15. After considering the record evidence, Claimant's RFC, and the testimony of the VE, the ALJ found that Claimant was able to perform past relevant work as an office manager; audit clerk; and mortgage clerk. R. 17. Alternatively, considering Claimant's age, education, work experience, and RFC, the ALJ concluded that Claimant had acquired work skills from her past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy, including appointment clerk; payroll clerk; and credit clerk. R. 18. Accordingly, the ALJ concluded that Claimant was not disabled from the alleged disability onset date through the date of last insured. R. 19.

## III. STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence

---

[4] The social security regulations define light work to include:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV. ANALYSIS.**

In the Joint Memorandum, which I have reviewed, Claimant raises two assignments of error: (1) the ALJ erred in failing to consider an opinion of the Claimant's treating physician, Dr. Karamali A. Bandealy, M.D.; and (2) the ALJ erred in evaluating Claimant's subjective complaints of pain. Doc. No. 18. I find that the first issue is dispositive in this case; accordingly, this is the only issue that I address.

In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining, and non-examining medical sources. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The ALJ must consider a number of factors when weighing medical opinions, including: (1) whether the physician examined the claimant; (2) the length, nature, and extent of the physician's relationship with the claimant; (3) the medical evidence supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization. *Id.* § 404.1527(c). "These factors apply to both examining and non-examining physicians." *Huntley v. Soc. Sec. Admin., Comm'r*, 683 F. App'x 830, 832 (11th

Cir. 2017) (citing 20 C.F.R. §§ 404.1527(e), 416.927(e)).[5]

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *See* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). There is good cause to assign a treating physician's opinion less than substantial or considerable weight, where: (1) the treating physician's opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179 (citing *Phillips*, 357 F.3d at 1241).

Here, the record that Claimant argues that the ALJ failed to weigh states: "This patient has had significant chronic pain & fatigue from her fibromyalgia. She will be unable to sit for long. I recommend to be excused from jury duty." R. 183, 234. The note issued May 19, 2015 from the Central Florida Arthritis & Osteoporosis Center at which Dr. Bandealy is a physician, although the physician's signature is not entirely legible. *Id.*[6] The ALJ does not mention this note in the decision.

Claimant contends because this is a note from Dr. Bandealy, M.D., her treating physician, the ALJ erred in failing to mention and weigh the opinion in the decision. Doc. No. 18, at 11. Claimant states that this opinion is important to her claim because it is inconsistent with the ALJ's finding that she is able to perform past relevant work as an office manager, audit clerk, or mortgage clerk; or that she was able to perform work as an appointment clerk; payroll clerk, and credit clerk because each of those jobs, at the sedentary level, requires sitting for approximately 6 hours in an

---

[5] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

[6] Only two medical doctors are listed in the header of the document on which the note regarding jury duty appears: Karamali A. Bandealy, M.D., and Roberto Pancorbo, M.D. R. 183, 234.

8-hour workday. *Id.* at 11–12. Upon review of the Commissioner's response, and as discussed herein, Claimant's arguments are well taken.

The Commissioner first argues that it is unclear whether Dr. Bandealy was even the author of the note, and even if he was, Dr. Bandealy is not a treating physician. *Id.* at 12, 14. This argument is unpersuasive. While the signature on the note regarding jury duty is not entirely legible, it is reasonable to assume, based on Claimant's representations, that Dr. Bandealy authored the note, particularly because the note issued from Central Florida Arthritis & Osteoporosis Center, where "Karamali A. Bandealy, M.D." is listed as one of two doctors on the prescription. *See* R. 183, 234.[7] As to whether Dr. Bandealy is a treating physician, Claimant testified at the hearing that she has been seeing Dr. Bandealy since at least 2013. R. 30. And the record includes treatment notes reflecting that Dr. Bandealy treated Claimant prior to the issuance of the note regarding jury duty, *see* R. 363–65, 404, 417–19, and on several more occasions thereafter, *see* Exhibits 6F, 8F, 11F.

The Commissioner next contends that even if the note is considered a medical opinion,[8] the note has little relevance because it is limited to a specific timeframe, which does not address Claimant's ability to sit for prolonged periods of time on a permanent basis. Doc. No. 18, at 12–13. I cannot agree. The treatment note specifically states that due to her chronic pain and fatigue

---

[7] I note that even if Dr. Pancorbo signed the note rather than Dr. Bandealy, it appears that Dr. Pancorbo was also a treating physician. *See, e.g.*, R. 369–75, 383–88, 536–39, 543–46, 554–56.

[8] Because the note regarding jury duty contains a diagnosis (chronic pain & fatigue from fibromyalgia) and an opinion on Claimant's functional capacity (unable to sit for long), I have construed the note as a medical opinion. *See Chapman v. Comm'r of Soc. Sec.*, 709 F. App'x 992, 995 (11th Cir. 2017) (accepting, for the purposes of the opinion, a letter excusing the claimant from jury duty as a "medical opinion" under the Social Security Administration's regulations, and finding that the ALJ erred by not explaining his reasons for disregarding the opinion, although the error was harmless on the facts of that case). The Commissioner points to no binding or persuasive authority to the contrary. *See* Doc. No. 18.

from her fibromyalgia, Claimant "will be unable to sit for long." R. 183, 234. While the note may be limited to a specific timeframe as the Commissioner suggests, *i.e.*, the date of jury duty, that does not render the opinion irrelevant because the note was written on May 19, 2015. This date falls squarely within the period between the alleged disability onset (January 1, 2014) and date of last insured (September 30, 2015), and could provide relevant evidence as to whether Claimant was able to perform activities at the sedentary level during that time period.

The Commissioner also argues that Claimant has failed to demonstrate that the opinion regarding jury duty is inconsistent with the ALJ's RFC determination. However, as Claimant argues, the ALJ found that she could perform past relevant work as an office manager; audit clerk; or mortgage clerk, or that she could perform work as an appointment clerk, payroll clerk, and credit clerk. R. 17–18. These jobs are all performed at the sedentary level. *Id.* According to the Social Security Administration, as it relates to sedentary occupations, "[s]ince being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. SSR 83-10, 1983 WL 31251, at *5 (1983). The opinion that Claimant is "unable to sit for long" due to her chronic pain and fatigue from her fibromyalgia could be viewed as inconsistent with those requirements.

Finally, although the Commissioner correctly argues that the ALJ need not refer to every piece of medical evidence in the decision, *see Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005), the issue here is that the ALJ failed to discuss and weigh the opinion of a treating physician. While there may be good cause for rejecting the opinion, the ALJ failed to so state. *Cf. Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) ("Dempsey correctly points out that the ALJ also failed to address Dr. Smith's certification in Dempsey's application for disability

access parking privileges that Dempsey was 'severely limited in her ability to walk due to an arthritic, neurological, or orthopedic condition.' Although the Commissioner offers reasons for disregarding Dr. Smith's opinion, those reasons were not given by the ALJ, who never mentioned the application.").

When an ALJ fails to mention relevant evidence in his decision, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Morris v. Secretary of Health & Human Servs.*, 845 F. 2d 326 (6th Cir. 1988) (quoting *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)). Given that the ALJ does not even mention Dr. Bandealy in the decision[9] and fails to address or cite to the jury duty note, which could be construed as inconsistent with the ALJ's RFC determination and finding that Claimant can perform past relevant work, I cannot find the error harmless on the facts of this case. To conclude that the error was harmless would require an impermissible reweighing of the evidence. *See Mills v. Astrue*, 226 F. App'x 926, 931–32 (11th Cir. 2007).[10]

Accordingly, Claimant's first assignment of error is well taken. Because this issue is dispositive, I decline to address Claimant's remaining assignment of error. *See McClurkin v. Soc.*

---

[9] In the decision, the ALJ only cited to exhibits from Central Florida Arthritis & Osteoporosis Center as follows:

> The claimant also is diagnosed with fibromyalgia. The claimant reported wide spread musculoskeletal pain. In September 2014, the physical examination revealed 18/18 positive tender points. However, at this examination the claimant was able to ambulate without any difficulty. (Ex. 6F/15). Moreover, in December 2014, the doctor noted no deformities in the joints. (Ex. 6F/8). The claimant was prescribed medication for treatment. (Ex. 6F/6). From April 2015 until June 2015, the claimant received ongoing treatment. (Ex. 8F). However, the claimant's physical examinations were stable with no evidence of worsening symptoms. (Ex. 8F). Overall, the objective evidence is inconsistent with the claimant's allegations of disabling limitations.

R. 16.

[10] I note that the only medical opinion addressed by the ALJ in the decision was from State agency medical consultant, P.S. Krishnamurthy, M.D. R. 16.

*Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (finding no need to analyze other issues when case must be reversed due to other dispositive errors).

**V.     CONCLUSION.**

Based on the foregoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner and **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on February 6, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties